PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| UNITED STATES DIST CT COURT | District MINNES A | CV 05-1688JRT |
|---|---|---|
| Name of Movant BRYAN NOE ZELAYA | Prisoner No. 10716-041 | Case No. CR 02-359(1)JRT/FLN |
| Place of Confinement Federal Correctional Institution Waseca, Waseca, Minnesota | | |

UNITED STATES OF AMERICA V. BRYAN NOE ZELAYA (name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack United States District Court, District of Minnesota

2. Date of judgment of conviction 8-11-2004

3. Length of sentence 24 months

4. Nature of offense involved (all counts) Possession with intent to distribute methamphetamine pursuant to 21 U.S.C. 841(a)

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details: N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐ N/A

7. Did you testify at the trial?
   Yes ☐ No ☐ N/A

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☐ N/A

RECEIVED BY MAIL AUG 08 2005 CLERK US DIST COURT ST. PAUL, MN

SCANNED AUG 08 2005 U.S. DISTRICT COURT ST. PAUL

9. If you did appeal, answer the following:

N/A

(a) Name of court ______

(b) Result ______

(c) Date of result ______

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

Yes ☐ No ☐ N/A

11. If your answer to 10 was "yes," give the following information: N/A

(a) (1) Name of court ______

(2) Nature of proceeding ______

(3) Grounds raised ______

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐ No ☐ N/A

(5) Result ______

(6) Date of result ______

(b) As to any second petition, application or motion give the same information:

(1) Name of court N/A

(2) Nature of proceeding ______

(3) Grounds raised ______

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result N/A

(6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: See attached Memorandum of Law.

Supporting FACTS (state *briefly* without citing cases or law)

See attached Memorandum of Law.

B. Ground two: N/A

Supporting FACTS (state *briefly* without citing cases or law)

C. Ground three: N/A

Supporting FACTS (state *briefly* without citing cases or law)

D. Ground four: N/A

Supporting FACTS (state *briefly* without citing cases or law)

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing N/A

(b) At arraignment and plea

(c) At trial

(d) At sentencing

(e) On appeal ______

(f) In any post-conviction proceeding ______

(g) On appeal from any adverse ruling in a post-conviction proceeding ______

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: ______

(b) Give date and length of the above sentence: ______

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐ No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

08-04-2005
(Date)

Signature of Movant

RECEIVED
BY MAIL
AUG 08 2005
CLERK US DIST COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,
Plaintiff,

vs.

BRYAN NOE ZELAYA,
Defendant.

DEFENDANT'S PETITION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255

## INTRODUCTION

Petitioner, Bryan Noe Zelaya (hereinafter Zelaya), brings his motion for a 4-point downward departure pursuant to 28 U.S.C. 2255, based upon the recent decisions of United States v. Delgado, M.D. Fla., No. 6:05-cr-30-Orl-31KRS, 6/7/05) and United States v. Perez-Chavez, 77 CrL 274 (D. Utah 2005) regarding deportees.

## FACTS

On August 11, 2004, Zelaya was sentenced to 24 months in prison for possession with intent to distribute methamphetamine pursuant to 21 U.S.C. 841(a).

Zelaya is a foreign national with his home country as Honduras. At the end of his sentence, he is being deported back to his home country. This deportation is welcomed and he does not dispute or wish to fight it. However, he does believe, pursuant to the above-stated cases, that he is entitled to the 4-point departure based upon the fast track deportation system in place in various circuits. If he is granted this 4-point downward departure, he will qualify for immediate release and subsequently be deported back to his country. Currently, the 8th Circuit does not provide such a program to

immigration offenders.

**ARGUMENT**

**I. PETITIONER SHOULD BE GRANTED A DOWNWARD DEPARTURE TO REFLECT DISTRICT'S LACK OF FAST-TRACK PROGRAM**

Pursuant to 28 U.S.C. 2255, a federal prisoner may file a motion "at any time" to vacate, set aside, or correct a federal sentence upon the ground that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. Id. at 2255.

This is a case of first impression in this district.

In the instant case, the Petitioner relies on two recent cases. The first is a U.S. District Court case for the Middle District of Florida regarding immigration offenders, where they were awarded a 4-level downward departure.

In the first case, an immigration offender being sentenced under the U.S. Sentencing Guidelines in a district that has not been authorized by the Attorney General to have a "fast-track" disposition program won a downward departure from the otherwise-applicable guidelines range from the U.S. District Court for the Middle District of Florida June 7 to compensate for the fact that he would have been automatically eligible for a reduced sentence had the district in which he expeditiously pleaded guilty had such a program. (United States v. Delgado, M.D. Fla., No. 6:05-cr-30-Orl-31KRS, 6/7/05).

In the second case, the court ruled that prosecutors with a fast-track program can offer immigration offenders a reduced sentence in exchange for a quick guilty plea. One federal district court recently held that, even armed with the greater flexibility afforded by the now-advisory Sentencing Guidelines, a judge does not have discretion to impose a below-range sentence

solely to account for the fact that the district has no fast-track program. United States v. Perez-Chavez, 77 CrL 274 (D. Utah 2005). Judge Gregory A. Presnell, however, concluded that a departure is appropriate in such a case. The fundamental rationale behind the Sentencing Guidelines is the need to reduce unwarranted disparity in sentences imposed on similarly situated defendants, the court said, and the U.S. Sentencing Commission itself has noted that authorizing lower sentences for offenders just because their crimes occurred in fast-track districts "appears to be at odds" with that goal. Accordingly, the court granted a 4-level downward adjustment to a defendant who had no opportunity to take advantage of an early-disposition program because the district lacked one.

In the instant case, the Eighth Circuit does not presently carry the "fast-track" program for immigration offenders. Thus, Petitioner respectfully requests that he be given a 4-level downward adjustment to adequately compensate him for the unwarranted disparity in his sentence as he had no opportunity to take advantage of the early-disposition program because his district lacked one. Had they had the program, Petitioner would have automatically been eligible for a reduced sentence.

## CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests that his motion be granted and that he be released as "time-served" to his home country, Honduras.

Respectfully submitted,

Bryan Noe Zelaya