UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 02-359 JRT/FLN
Civ. No. 05-1688 JRT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BRYAN NOE ZELAYA,<br>Defendant. | RESPONSE OF UNITED STATES TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

United States of America, appearing through its attorneys, Thomas B. Heffelfinger, United States Attorney, and Ann M. Anaya, Assistant United States Attorney, herein responds in opposition to Defendant Bryan Zelaya's Motion to Correct Sentence pursuant to 28 U.S.C. § 2255.

BACKGROUND

On November 13, 2002, an Indictment was returned charging Zelaya with conspiracy to distribute and possession with the intent to distribute methamphetamine. Zelaya pled guilty to Count 3 of the Indictment charging him with possession with intent to distribute in excess of 500 grams of methamphetamine, in violation of Title 21, United States Codes, 841(a)(1) and 841(b)(1)(A). Under the Federal Sentencing Guidelines, the U.S. Probation Office calculated the applicable guideline range to be 87-108 months. On August 11, 2004, the Court granted the government's downward departure motion based on substantial assistance, and sentenced Zelaya to 24 months. Zelaya did not appeal his conviction or sentence, but has timely filed a § 2255 Motion to Vacate his sentence on August 8, 2005.

In his motion, Zelaya states that he is a Honduran national and will face deportation to Honduras upon the completion of his sentence. He requests a four-level downward departure based on the "Fast Track" program in order to adequately compensate him for the unwarranted disparity in his sentence.[1] Zelaya claims that he had no opportunity to take advantage of the early disposition program because the District of Minnesota does not have a Fast Track program. Zelaya asserts that had this program been available to him, like in various circuits, he would have been automatically eligible for a reduced sentence. For relief, Zelaya seeks to be released as time served and returned to his home country of Honduras.

ARGUMENT

A Section 2255 "provides a remedy in the sentencing court for claims that a sentence 'was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."' Poor Thunder v. United States, 810 F.2d 817, 821 (8th Cir. 1987)(quoting 28 U.S.C. § 2255). Relief pursuant to § 2255 "is reserved for transgressions of

[1]The "Fast Track" program or early disposition program allows certain defendants to plead guilty and to waive certain rights very early in the criminal process in exchange for a motion for downward departure pursuant to U.S.S.G. § 5K3.1.

constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Petitions for relief pursuant to § 2255 are not substitutes for direct appeal, and claims not raised on direct appeal generally cannot be addressed in § 2255 motions. Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001)(citation omitted). Conclusory allegations will not a support a motion under 28 U.S.C. § 2255. See Hill v. Lockhart, 474 U.S. 52, 57-59 (1985); Strickland v. Washington, 466 U.S. 668, 694 (1984); Estes v. United States, 883 F.2d 645, 647 (8th Cir. 1989) (conclusory allegation was insufficient to rebut strong presumption of counsel's competence).

Zelaya complains that he should be receive a four-level downward departure to compensate him for the lack of a Fast Track program in the District of Minnesota. Early release programs such as the "Fast Track Program," were first approved by Congress in 2003 as part of the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act ("PROTECT ACT").

Specifically,

> Section 401(m)(2)(B) of the PROTECT Act instructed the United States Sentencing Commission to create a policy statement authorizing a downward departure "pursuant to an early disposition program authorized by the Attorney General." Consequently, the Sentencing Commission adopted U.S.S.G. § 5K3.1, which provides that, "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1.
> Attorney General Ashcroft formally created the Fast-Track Program though a memorandum dated September 22, 2003 and authorized such programs in certain districts. According to Ashcroft, the programs "are based on the premise that a defendant who promptly agrees to participate in such a program has saved the government significant and scarce resources that can be used in prosecuting other defendants and has demonstrated an acceptance of responsibility above and beyond what is already taken into account by the adjustments contained in U.S.S.G. § 3E1.1." September 22, 2003 Memorandum from Attorney General Ashcroft on Department Principles for Implementing and Expedited Disposition of Fast-Track Prosecution Program to All United States Attorney.

See United States v. Riascos, 2005 WL 1515447 (S.D. Tex. Jun. 22, 2005). Although the fast track program exists in some districts, no Early Disposition Program has been authorized in the District of Minnesota. Thus, there is no such downward departure available to Zelaya. "The fact that an early disposition program may have been available in another district does not entitle [the defendant] to a downward departure in this district." United States v. Almonte-

Gomez, 2005 WL 767885 (E.D.La. Mar. 24, 2005)(unreported).

Zelaya claims that had the fast track program been available to him here, like it is in other circuits, it would have been applicable to his case and he would have been released at this time. Even if the early disposition program was available in this district, which it is not, a downward departure pursuant to § 5K3.1 requires a motion by the government. See United States v. Zaragoza-Infante, 2005 WL 1839091 (D. Or. Jul. 28, 2005); Riascos, 2005 WL 1515447; Almonte-Gomez, 2005 WL 767885. No such motion was made in this case other than a motion for downward departure based on Zelaya's substantial assistance to authorities under § 5K1.1, which was granted by this Court.

If the fast track program was in place in this District, the government's decision not to move for a downward departure under § 5K3.1, reducing a defendant's sentence as part of a fast track program is not reviewable. See United States v. Calixto-Bravo, 346 F. Supp. 2d 948 (E.D. Mich. 2004), citing, Wade v. United States, 504 U.S. 181 (1992) (prosecutor has discretion to downwardly depart under U.S.S.G. § 5K1.1, and prosecutor's decision not to file such motion is reviewable only if defendant "makes a substantial threshold showing of improper motive."); United States v. Moeller, 383 F.3d 710 (8th Cir. 2004). Zelaya makes no such claim in his motion.

Zelaya does not allege that his sentence is illegal or was imposed in violation of the constitution, or that he received ineffective assistance of counsel. Zelaya does not claim to be innocent of his conviction. He fails to assert any reasons why he failed to raise this issue at sentencing or on appeal, nor has he established any prejudice resulting therefrom. A defendant's § 2255 motion seeking a downward departure of his offense level based on rehabilitation efforts or his fast track-agreement was denied where the defendant failed to challenge his sentence before the sentencing court or on direct appeal. United States v. Zaragoza-Infante, 2005 WL 1839091 (D. Or. Jul. 28, 2005).

## CONCLUSION

For the foregoing reasons, Zelaya's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 should be denied and dismissed with prejudice.

Respectfully submitted,

Dated: October 14, 2005.

THOMAS B. HEFFELFINGER
United States Attorney

s/Ann Anaya

BY: ANN M. ANAYA
Assistant U.S. Attorney